IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SARAH LEATHERS                                                                               PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:16CV-183-DAS

COMMISSIONER OF SOCIAL SECURITY                                                 DEFENDANT

ORDER AWARDING ATTORNEY FEES

Before the court is the claimant's motion for payment of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In these proceedings, the claimant sought judicial review of the final decision of the Commissioner of Social Security, denying a claim for benefits. The court remanded this case to the Commissioner for further proceedings. The claimant now seeks attorney fees under the EAJA as the prevailing party, asserting the Commissioner's position was not "substantially justified." By the motion and attached exhibits, the claimant requests an award of $6,922.25 in attorney fees and $24.00 from the Judgment Fund for service of process. The motion requests that the attorney fees be made payable to counsel.

While the Commissioner does not question the reasonableness of the hours claimed, she objects to the manner in which the plaintiff has calculated the hourly attorney fees; the grant of costs for service of process; and that the attorney fees should be made payable to counsel.

The government is correct that this court's prior decisions, including *Harley v. Colvin*, 2015 WL 686040 (N.D. Miss. Feb. 18, 2015), set out the manner for calculating the hourly rate for attorneys under EAJA. The court, in keeping with the mandate of *Perales v Cassilas*, 950 F.2d. 1066, 1074-79 (5th Cir. 1992), requires that attorney fees be calculated according to the rates applicable for the year in which the services were rendered. This court's ruling establishes an

order of preference for which numbers in the South Urban Consumer Price Index should be used for calculating a cost of living adjustment for attorney fees. If the average annual index number for a given year is available, that number should be used to calculate hourly fees. If the annual rate index number is unavailable, but a semi-annual rate is available, that number should be used in calculations. If neither an annual, nor semi-annual rates are available, then the monthly index rates for the applicable month, or for the latest available month should be used to calculate the hourly rate.

The court disagrees with the Commissioner's argument that *Perales* dictates its own precise manner of calculation. This court reads that decision as requiring only that if litigation extends over more than one year, attorney fees may not be awarded for all years at the current rate as of the time of the award, but rather that awards for services rendered in different years must be in accordance with the cost of living in those years. This court elected the above preference for using the annual rates first in an attempt to simplify the mathematics to avoid burdening the parties and itself with making the month-to-month calculations as was done in this case by plaintiff's counsel. While the government is correct in its argument about the means of calculation, there is nothing inherently unreasonable about the alternate method employed by the plaintiff. With only four dollars and fifty-six cents difference between the plaintiff's claims and the government's calculations, the government could reasonably opt to ignore such a minor deviation. The Commissioner is also correct in noting that *Astrue v. Ratliff,* 560 U.S. 586 (2010), held that attorney fees under EAJA are payable to the plaintiff.

Accordingly, the defendant shall make the fees payable to the plaintiff, but shall forward the funds to the office of the plaintiff's counsel.

**IT IS ORDERED** that the claimant's motion for payment of attorney fees under the EAJA is granted and the defendant is hereby directed to pay 6,917.69 for attorney fees. The claim for expenses for service of process is denied. While the funds must be made payable to the claimant, the payment shall be sent to the attorney's address.

SO ORDERED this the 27th day of October , 2017.

s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE